## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BARBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOLT MOBILE FLEET SERVICES, LLC,<br><br>Defendant. | Docket No. 2:22-CV-2233<br><br>Complaint – Class and Collective Action<br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. John Barber (Barber) brings this class and collective action lawsuit pursuant to Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann § 333.104 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b) to recover unpaid overtime wages and other damages from Defendant Bolt Mobile Fleet Services, LLC (Bolt or Defendant) for himself and all others similarly situated under the PMWA and the FLSA.

2. Barber worked as a field technician.

3. Barber and the Class Members (as defined below) regularly worked more than 40 hours a week.

4. But the Class Members never received overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the PMWA, these workers received a non-guaranteed salary without overtime compensation.

6. This class and collective action seek to recover the unpaid overtime wages and other damages owed to these workers.

## I. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9. The Court also has federal jurisdiction pursuant to 28 U.S.C. § 1332(c) because Bolt was incorporated and maintains its headquarters in this District.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1332(c) because Bolt was incorporated and maintains its headquarters in this District.

11. Barber performed work for Defendant primarily in Pennsylvania but also in Maryland and New Jersey.

## II. THE PARTIES

12. Defendant Bolt Mobile Fleet Services, LLC is a Pennsylvania corporation and, according to the Pennsylvania Department of State, is located at 1903 Church Road, Flourtown, PA 19031. Defendant's mailing address is P.O. Box 358, Hatboro, PA 19040.

13. Barber was employed by Defendant from June 2019 until September 2020 at the Harrisburg, PA location.

14. Throughout his employment with Defendant, Barber was paid a salary with no (time and a half) overtime compensation.

15. Barber's consent to be a party plaintiff is attached as Exhibit 1.

16. Barber brings this action on behalf of himself and all other similarly situated field technicians who were paid through Defendant's straight time system.

17. Each of these workers received a salary per week and did not receive overtime for

hours worked in excess of 40 in a workweek in accordance with PMWA.

18. Throughout his employment with Bolt Mobile Fleet Services, Barber was classified as an exempt employee.

19. The putative class under the FLSA of similarity situated employees sought to be certified is defined as follows:

> **All current and former field technicians in the United States that worked for Bolt Mobile Fleet Services, LLC. who were paid a salary within the last three (3) years (FLSA Putative Class).**

20. The class under PMWA of similarity situated employees is defined as follows:

> **All current and former field technicians in, or based out of, Pennsylvania that worked for Bolt Mobile Fleet Services, LLC. who**
> **Were paid a salary within the last three (3) years (PMWA Class).**

21. The FLSA Putative Class and PMWA Class Members are easily ascertainable from Defendant's business and personal records.

### III. COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Bolt has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Bolt has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Bolt has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that Bolt have had and

have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Bolt and the FLSA Putative Class Members were engaged in commerce or in the production of goods for commerce.

## IV.   FACTS

26. Bolt Mobile is a Roadside Service company that provides on-location repair services that include, truck repair, trailer repair, and snow removal. *See* http://boltmf.com/ (last visited May 11, 2022).

27. Barber is one of these employees who performed on-location repairs.

28. Barber worked for Defendant from May 2019 until September 2020.

29. Throughout his employment with Bolt, Bolt paid Barber a salary.

30. When COVID hit in 2020, Barber's weekly salary was reduced by $300,

31. Barber, FLSA Putative Class Members, and PMWA Class Members who worked for Bolt Mobile Fleet Services were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Class.

32. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.

33. These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

34. This is true even though Barber, FLSA Putative Class members, and PMWA Class Members are on call for 24 hours a day, and for 5 days a week.

35. Barber, FLSA Putative Class, and the PMWA Class Members work in accordance with the schedule set by Bolt.

36. Barber's work schedule is typical of FLSA Putative Class and PMWA Class Members.

37. Likewise, Bolt controls Barber, FLSA Putative Class, and the Class Members' work

38. Bolt requires Barber, FLSA Putative Class, and PMWA Class Members to follow Bolt policies and procedures.

39. Barber, FLSA Putative Class, and PMWA Class Members' work must adhere to the quality standards put in place by Bolt.

40. Barber and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

41. As a field technician, Barber was responsible for providing on-location services.

42. Barber, FLSA Putative Class, and PMWA Class Members perform similar duties, including truck repair, snow removal, trailer repair, mobile welding, and computer diagnostics.

43. No advanced degree is required to become a field technician.

44. Barber and the Putative Class Members did not have any supervisory or management duties.

45. Bolt treated these workers as exempt when they should have been treated as non-exempt (paid hourly and a time and a half for OT) under FLSA.

46. Barber, FLSA Putative Class, and PMWA Class Members did not perform duties that were exempt from managerial duties.

47. Barber, FLSA Putative Class, and PMWA Class Members performed manual labor.

48. To the extent the field technicians make "decisions," such decisions do not require

the exercise of independent discretion and judgment.

49. Instead, the technicians apply well-established techniques and procedures and use established standards to evaluate any issues.

50. Technicians do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

51. With these job duties, the technicians are clearly non-exempt employees under the FLSA and PMWA.

52. Barber's working relationship with Bolt is similar to Bolt's relationship with the FLSA Putative Class and PMWA Class.

53. Bolt knew Barber, FLSA Putative Class, and PMWA Class Members worked more than 40 hours a week.

54. Defendant's failure to pay overtime to Barber, FLSA Putative Class, and PMWA Class Members was, and is, a willful violation of the FLSA.

55. Barber, FLSA Putative Class, and PMWA Class Members worked for Bolt Mobile in the past three years throughout the United States, including in Pennsylvania.

56. As a result of Bolt Mobile's pay policies, Barber, FLSA Putative Class, and PMWA Class Members, were denied the overtime pay required by federal and state law, because these workers are, for all purposes, employees performing non-exempt job duties.

57. Bolt keeps accurate records of the hours, or at least the days, its field technicians work.

58. Bolt also keeps accurate records of the amount of pay its technicians receive.

59. Because Barber, FLSA Putative Class, and PMWA Class Members were

misclassified as exempt employees by Bolt, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

60. Barber brings his claim under PMWA as a class action. *See* 231 Pa.R.C.P. 1701, *et sec.* and FLSA as a class action.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the PMWA.

62. Numerous other individuals who worked with Barber indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

63. Other class members worked with Barber, and regardless of their precise job title, their job duties were to perform the on-site vehicle repair services in accordance with Defendant's policies, procedures, and regulations.

64. Barber, FLSA Putative Class, and PMWA Class Members are similarly situated in all relevant respects.

65. Even if their precise job duties varied somewhat these differences do not matter for the purpose of determining their entitlement to overtime.

66. Barber, FLSA Putative Class, and PMWA Class Members were paid a salary without overtime.

67. Barber, FLSA Putative Class, and PMWA Class Members worked for Defendant in Pennsylvania and the surrounding area.

68. Bolt Mobile's failure to pay wages and overtime compensation at the rates required by federal and state law result from generally applicable, systematic policies, and practices which

are not dependent on the personal circumstances of the FLSA Putative Class and PMWA Class Members.

69. The specific job titles or precise job locations of the FLSA Putative Class and PMWA Class Members do not prevent collective treatment.

70. Absent this action, many FLSA Putative Class Members and PMWA Class Members likely will not obtain redress of their injuries and Bolt will reap the unjust benefits of violating the FLSA and PMWA.

71. Furthermore, even if some of the FLSA Putative Class and PMWA Class Members could afford individual litigation against Bolt, it would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

74. The questions of law and fact that are common to each FLSA Putative Class Member and PMWA Class Member predominate over any questions affecting solely the individual members.

75. Among the common questions of law and fact are:

   a. Whether Defendant's decision to pay a salary with no overtime compensation violated the PMWA and FLSA.

   b. Whether Defendant's decision to pay a salary with no overtime compensation to these workers was made in good faith; and

   c. Whether Defendant's illegal pay practice applied to all Class Members.

76. Barber, FLSA Putative Class, and PMWA Class Members sustained damages arising out of Defendant's illegal compensation policy.

77. Barber knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

78. Defendant is liable under the PMWA and FLSA for failing to pay overtime to Barber and the Class Members.

79. As part of their regular business, practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the PMWA and FLSA with respect to Barber and the Class Members.

80. Defendant was aware, or should have been aware, that the PWMWA and FLSA required them to pay Barber and the Class Members overtime for all hours worked in excess of 40 hours per workweek.

## CAUSES OF ACTION

## FLSA VIOLATIONS

81. As set forth herein, Bolt Mobile Fleet Services has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

82. Bolt knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Barber and the Putative Class Members overtime compensation.

83. Bolt's failure to pay overtime compensation to these employees was neither

reasonable nor was the decision not to pay overtime made in good faith.

84. Bolt was aware of the requirements of the Fair Labor Standards Act.

85. Accordingly, Barber and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## CLASS ACTION ALLEGATIONS

## PMWA VIOLATIONS

86. Barber brings this claim under the PMWA as a Rule 23 class action.

87. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

88. At all relevant times, Defendant was subject to the requirements of the PMWA.

89. At all relevant times, Defendant employed Barber and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

90. The PMWA covers and applies to all Class Members working in and based out of Pennsylvania, including Barber, even if those Class Members worked in states other than Pennsylvania, including Barber, even if those Class Members worked in states other than Pennsylvania. *See Truman v. DeWolff, Boberg & Assocs., Inc.*, No. CIV. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009).

91. Barber and the Class Members all worked for Defendant in Pennsylvania and/or were based out of Pennsylvania while working for Defendant.

92. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Barber and the Class Members are entitled to overtime pay under PMWA.

93. Defendant had a policy and practice of not paying overtime to Barber and each PMWA Class Member.

94. Barber and each PMWA Class Member seek unpaid overtime in an amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

95. Barber and each PMWA Class Member seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

## VII.   JURY DEMAND

96. Barber demands a trial by jury.

## VIII.   RELIEF SOUGHT

97. WHEREFORE, Barber prays for judgment against Defendant as follows:

   a. For an Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective members;

   c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the PMWA Class;

   d. Damages (including all unpaid overtime compensation and all unpaid wages) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

   e. All compensatory damages due under the FLSA and Pennsylvania law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, and the FLSA Collective and PMWA Class Members;

   f. Liquidated damages and penalties to the fullest extent permitted under the law;

   g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

   h. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: June 7, 2022 Respectfully submitted,

By: */s/ Camille Fundora Rodriguez*
**Camille Fundora Rodriguez**
PA. I.D. No. 312533
**BERGER MONTAGUE, PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Crodriguez@bm.net

AND

**Michael A. Josephson**
PA. I.D. No. 308410
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
(*Pro Hac Vice Forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*Pro Hac Vice Forthcoming*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**